IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARK LESTER AND NICHOLE LESTER                                      PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:04CV96-B-D

ELDEC INDUCTION USA, INC., AND
DUKE ENERGY NEW ALBANY, LLC,
AND JOHN DOES 1 - 20                                                DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon defendant Eldec Induction's motion to dismiss. Upon due consideration, the court is ready to rule.

Factual and Procedural Background

On December 15, 2001, the plaintiff, Mark Lester, working as an independent contractor at the plant of defendant Duke Energy New Albany, LLC, was injured by an induction brazing machine. Lester was making lead connections in a generator with the use of the machine, which was allegedly distributed and serviced by the defendant Eldec Induction USA, Inc. The induction brazing machine was being cooled and cleaned with a solution of denatured alcohol, which caused the machine to erupt into flames and to severely burn Lester.

Lester and his spouse, Nichole Lester, filed suit on February 25, 2004, alleging, *inter alia*, that the defendant Duke Energy knew or should have known of the dangerous condition existing at its plant in regard to the induction brazing machine and that the defendant failed to exercise reasonable care to discover the potentially hazardous situation and to ensure the plaintiff's safety. The complaint further alleged that the defendant Eldec Induction placed on the market an induction brazing machine which was generally unsafe and inadequate because it was not flame

retardant. Eldec has moved to dismiss alleging that it is only the seller of the induction brazing machine and is, therefore, shielded from liability by Miss. Code Ann. § 11-1-64.

Analysis

Section 11-1-64, Miss. Code Ann., provided that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim . . . ." This statute has been repealed, but the parties agree that it was in effect at the time of Lester's accident and is applicable to this case.

The plaintiffs assert, however, that the statute is inapplicable to the defendant Eldec. The plaintiffs allege that Eldec was more than "solely . . . a seller in the stream of commerce." Rather, the plaintiffs argue, Eldec was the national distributer and installer for the induction brazing machine and provided service and support for its customers after installation. The plaintiffs are correct in their assertion that, under Mississippi law, both retailers and distributors of a product may be held accountable in a products liability action. *See, e.g.*, *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 906 (S.D. Miss 1995).

The defendant Eldec does not reply to the plaintiffs' argument except to assert that the response was untimely filed and should be disregarded. The court declines to exercise its discretion to grant the motion as unopposed and finds that the defendant's motion to dismiss should be denied. The court notes, however, that a summary inquiry into the record may show that Eldec acted as nothing more than the mere seller who placed the induction brazing machine into the stream of commerce. If the evidence reveals such, the court would certainly entertain a motion for judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil

Procedure. The court, nevertheless, finds the present motion not well-taken, and it shall be denied.

## Conclusion

For the foregoing reasons, the court finds that the defendant Eldec Induction's motion to dismiss is not well-taken, and it shall be denied. A separate order in accord with this opinion shall issue this day.

This, the 28th day of September, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**